

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. H. Barton
County Attorney
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. O-6342
Re: Whether affidavit as to
Inheritance should be
numbered and filed in
the Deed Records or kept
in the minutes of the Pro-
bate records of the County.

Your letter of January 12, 1945, requesting the
opinion of this department on the questions stated therein
is, in part, as follows:

"The County Clerk of Rusk County, has
requested me to ask your department for a
Ruling under Article 7125 RCS 1925. It has
been a practice of the County Clerk's office,
prior to his taking over same on January 1st,
where there is no Probate proceedings and only
affidavits filed as to Inheritance, to just
file those with a filing date and not number
same or enter them in any record.

"Will you kindly give the ruling as to
whether they should be numbered and filed in
the Deed Records, or kept in the minutes of
the Probate records."

Article 7125, V. A. C. S., provides:

"Every executor, administrator or trustee
of the estate of a decedent leaving property
subject to taxation under this chapter, and every
other person coming into possession of any
portion of such estate where there is no ad-
ministration of such estate, shall file a pre-
liminary report within one month after coming
into possession of any such property, giving
the date of the death of such decedent, the
approximate value and character of his estate

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable M. H. Barton, page 2

end the persons entitled to receive the same. Such reports shall be in duplicate, one of which shall be filed with the Comptroller, and the other with the County Clerk of the County wherein such decedent resided at the time of his death or wherein the principal part of his estate is located. The County Clerk shall immediately notify the County Judge of the filing of such report."

Article 7127, V. A. C. S., provides, in part:

"Within six months after the executor, administrator or trustee or other person comes into full possession of such estate, he shall make report in duplicate and shall file the same in the manner provided in the preceding article. Said report must be made under oath and recorded as a permanent record in the Probate Court of the county wherein filed, and must give the following information: . . ."

Article 7126, V. A. C. S., reads as follows:

"If for any reason the administration of the estate of a decedent leaving property subject to taxation under this chapter, shall not be necessary in this state except to carry out the provisions of this law, and shall be in the discretion of the County Judge and Comptroller to dispense with the appointment of an administrator, upon filing with each of them a satisfactory inventory of the taxable property by the trustee or owner. Upon the filing of such inventory, the appraisement and other proceedings required by this chapter shall be as in other cases."

Generally speaking, it is stated in Texas Jurisprudence, Vol. 36, p. 409:

"The term 'to file' comes from 'filum' signifying the thread, string or wire which was used in ancient practice for connecting papers together. The word 'file' is also used to denote a paper placed with an officer, and assigned by law to his official custody. A file of the court is a record of the court.

Honorable M. H. Barton, page 3

"A paper is 'filed' when it is delivered
to the proper officer and lodged by him in his
office or received by him to be kept on file,
or, as it is sometime stated, when the paper
is delivered to the proper officer to be filed
or is placed in his official custody. This is
true regardless of whether or not a file mark
is placed upon the instrument, or whether the
file mark gives some other date of filing . . .
It is the duty of the clerk to endorse upon a
paper filed with him the date of its reception
and retain it in his office, subject to inspec-
tion by whomsoever it may concern; and this is
what is meant by his 'filing' the paper. The
form of the endorsement is usually the word
'filed' accompanied by the date; but an endorse-
ment which shows the fact of filing in other words
is sufficient. The clerk's endorsement upon the
instrument of the fact of filing is the evidence
looked to by the courts in determining whether or
not a paper in a case has been filed . . . ."

It will be noted that Article 7126 provides that
the preliminary report shall be filed within one month by
a party coming into possession of any property, giving the
date of the death of the decedent, the approximate value and
character of his estate and the persons entitled to receive
the same. The statute further provides that this report
shall be in duplicate, one of which shall be filed with the
Comptroller, and the other with the County Clerk of the
County where such decedent resided at the time of his
death or wherein the principal part of his estate is
located. The statute does not require the preliminary report
to be recorded in the deed records or probate records of the
county, but merely provides that such preliminary report
shall be filed with the County Clerk. The statute does
not require that these preliminary reports must be num-
bered.

With reference to the inventory, which is required
to be filed by Article 7127, it will be noted that said stat-
ute expressly provides "said report must be made under oath
and recorded as a permanent record in the probate court of

Honorable M. M.Barton, page 4

the county wherein filed." However, this statute has no application regarding the recording of the preliminary report required by Article 7126.

You are respectfully advised that it is the opinion of this department that the preliminary reports required by Article 7126 are not required by statute to be numbered or recorded in the deed records of the county or kept in the minutes of the probate records, but the statute is complied with when the preliminary report is delivered to the County Clerk and "lodged by him in his office or received by him to be kept on file, or, as is sometime stated, when the paper is delivered to the proper officer to be filed, or is placed in his official custody." One copy of the preliminary report must be filed with the Comptroller.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:zd

APPROVED JAN 20 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN